UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-11-RLV
(5:98-cr-125-RLV-9)

| | |
|---|---|
| HERMAN LEE TATE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.    BACKGROUND**

On November 18, 1998, Petitioner was convicted by a jury in the Western District of North Carolina for conspiracy to possess with intent to distribute quantities of cocaine and cocaine base, all in violation of 21 U.S.C. § 846. (5:98-cr-125-RLV-9, Doc. No. 143: Jury Verdict). Petitioner was sentenced to life imprisonment. (Id., Doc. No. 187: Judgment). Petitioner appealed, but the Fourth Circuit Court of Appeals later dismissed the appeal on Petitioner's motion and without opposition from the Government. United States v. Tate, No. 99-4485 (4th Cir. filed Feb. 1, 2000) (unpublished).

On February 5, 2001, Petitioner filed a Section 2255 motion to vacate. (5:01-cv-14 (W.D.N.C.)). The Government moved to dismiss the motion as untimely under Section 2255(f).

1

The Court denied the motion to dismiss based on untimeliness, but the Court then went on to dismiss the petition on the merits of Petitioner's claims. (Id., Doc. Nos. 4; 9). Petitioner filed a notice of appeal, and the Fourth Circuit subsequently dismissed the appeal. United States v. Tate, No. 04-6662 (4th Cir. filed Aug. 5, 2004) (unpublished).

On August 20, 2012, Petitioner filed a second Section 2255 motion, contending that he was entitled to relief based on the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (5:12-cv-129 (W.D.N.C.)). Petitioner argued that he was erroneously sentenced as a career offender based on the Court's reliance on convictions that no longer qualify in light of Simmons. On January 9, 2013, this Court dismissed the petition as successive. (Id., Doc. No. 3). Petitioner appealed, and on May 29, 2013, the Fourth Circuit dismissed the appeal in part and affirmed in part. United States v. Tate, No. 13-6173 (4th Cir. filed May 29, 2013) (unpublished).

Petitioner placed the instant petition in the prison system for mailing on November 6, 2015. (Doc. No. 1 at 13). In his sole claim for relief, Petitioner contends that his "Sixth Amendment right to effective assistance of counsel was denied in light of [Newbold v. United States, 791 F.3d 455 (4th Cir. 2015)], for failing to object and challenge the use under § 4B1.1 of the sentencing guidelines because such convictions is [sic] not punishable by death or movant's never could have received the aggravated penalty exceeding one year." (Doc. No. 1 at 4). In this third motion to vacate and accompanying memorandum, Petitioner appears to be arguing, once again, that he was erroneously sentenced as a career offender based on the Court's reliance on convictions that no longer qualify in light of Simmons. See (Doc. Nos. 1; 1-1).

II.     **STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing

2

courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner filed the instant § 2255 petition on November 6, 2015, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 5:98-cr-125-RLV-9. As noted, Petitioner filed a previous § 2255 petition challenging the same conviction and sentence, which motion was denied and dismissed on the merits. Petitioner then filed a second motion to vacate, which was denied as a successive petition.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"). Accord Everette v. United States, 5:04-cv-358, 2012 WL 4486107 (E.D.N.C. Sept. 28, 2012) (dismissing a § 2255

3

petition as a successive petition where the petitioner raised a claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), appeal dismissed, 512 Fed. App'x 295 (4th Cir. 2013).

IV. **CONCLUSION**

For the foregoing reasons, the Court will dismiss the § 2255 petition for lack of jurisdiction because the motion to vacate is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's § 2255 Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: January 14, 2016

Richard L. Voorhees
United States District Judge