UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
(5:98-cr-125-FDW-9)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **HERMAN LEE TATE,** ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on two motions filed by Defendant in his underlying criminal case. (Doc. Nos. 295, 300).

I.  **BACKGROUND AND DISCUSSION**

On November 18, 1998, Defendant was convicted by a jury in the Western District of North Carolina for conspiracy to possess with intent to distribute quantities of cocaine and cocaine base, all in violation of 21 U.S.C. § 846. (5:98-cr-125-RLV-9, Doc. No. 143: Jury Verdict). Defendant was sentenced to life imprisonment. (Id., Doc. No. 187: Judgment). Defendant appealed, but the Fourth Circuit Court of Appeals later dismissed the appeal on Defendant's motion and without opposition from the Government. United States v. Tate, No. 99-4485 (4th Cir. filed Feb. 1, 2000) (unpublished).

On February 5, 2001, Defendant filed a Section 2255 motion to vacate. (5:01-cv-14 (W.D.N.C.)). The Government moved to dismiss the motion as untimely under Section 2255(f). While the Court denied the motion to dismiss based on untimeliness, the Court went on to dismiss the petition on the merits of Defendant's claims. (Id., Doc. Nos. 4; 9). Defendant filed a

1

notice of appeal, and the Fourth Circuit subsequently dismissed the appeal. United States v. Tate, No. 04-6662 (4th Cir. filed Aug. 5, 2004) (unpublished).

Defendant then filed several, additional motions to vacate, which this Court subsequently dismissed as unauthorized, successive petitions. (Doc. Nos. 286, 304, 309). He also filed numerous motions in his underlying criminal action, including the two motions pending before this Court. First, notwithstanding that Defendant had already been convicted, dismissed his own appeal, and filed a motion to vacate that was later dismissed, he now purports to bring a "Motion Under Fed. Crim. P. 60(a) in Conjunction with Fed. R. Crim. P. 36," in which he states that he seeks an order correcting "clerical" errors in his presentence report. See (Doc. No. 295 (docketed as a "Motion to Correct the Clerical Errors or Mistakes in the Presentence Report")). Defendant's motion is denied, as the deadline for objecting to his presentence report is lapsed, he has been convicted and sentenced, and he has dismissed his direct appeal. In any event, Defendant's real contention is not that the presentence report contained a clerical error, but that two prior state court convictions were wrongly used to enhance his sentence under 21 U.S.C. § 851. Such argument amounts to an unauthorized successive petition and must be dismissed because this Court is without jurisdiction to address the merits of such petition.[1] See Burton v.

---

[1] In any event, Defendant's suggestion that his prior convictions should not have been counted because the sentences were suspended is incorrect. See Florence v. United States, No. 1:04CR497-1, 2015 WL 5097778, at *2 (M.D.N.C. Aug. 28, 2015) ("Petitioner actually received a sentence of five years. The sentence was suspended, but this is irrelevant because the potential sentence, not the one imposed or the time served controls under Simmons."); United States v. Thompson, 480 F. App'x 201, 204 (4th Cir. 2012) (stating "the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment"); United States v. Swann, 526 F. App'x 265 (4th Cir. 2013) ("In his pro se brief, Swann appears to argue that, because his sentence was suspended, it did not qualify as a predicate offense. However, a qualifying predicate felony is one for which Swann himself could have been sentenced to a prison term exceeding one year. It is not required that Swann was actually sentenced to serve (or did in fact serve) over one year.").

Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"). Accord Everette v. United States, 5:04-cv-358, 2012 WL 4486107 (E.D.N.C. Sept. 28, 2012) (dismissing a § 2255 petition as a successive petition where the petitioner raised a claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), appeal dismissed, 512 Fed. App'x 295 (4th Cir. 2013).

Next, Defendant has also filed a pending "Motion for Order to Clarify Judgment and to Correct Federal Records," on August 6, 3015, in which Defendant argues that his sentence should have been reduced pursuant to Amendment 782 of the sentencing guidelines. (Doc. No. 300). This argument is foreclosed by the Court's Order, dated January 28, 2016, in which the Court denied Defendant's Motion for Sentence Reduction. (Doc. No. 307). Therefore, this second motion by Defendant is also denied.

## II. CONCLUSION

For the foregoing reasons, Defendants' two pending motions, (Doc. Nos. 295, 300), are **DENIED**.

**IT IS, THEREFORE, ORDERED** that

1. Defendant's "Motion Under Fed. Crim. P. 60(a) in Conjunction with Fed. R. Crim. P. 36," (Doc. No. 295), and his "Motion for Order to Clarify Judgment and to Correct Federal Records," (Doc. No. 300), are **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: January 3, 2019

Frank D. Whitney
Chief United States District Judge