IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:98-CR-00125-KDB

| | |
|---|---|
| USA, <br><br> Plaintiff, <br><br> v. <br><br> HERMAN LEE TATE, <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court upon Defendant's Motion to Reduce Sentence Pursuant to the First Step Act 2018 (Doc. No. 325). Defendant requests this Court to reduce his sentence to 269 months' imprisonment. For the reasons stated briefly below, the Court will grant Defendant's motion.

In May of 1998, Defendant was charged with one count of conspiring to possess with intent to distribute powder and crack cocaine. (Doc. No. 1). Investigators determined that more than 1.5 kilograms of crack cocaine was reasonably foreseeable by Defendant during the course of his participation in the conspiracy. (Doc. No. 285, ¶ 15). The United States filed an information under 21 U.S.C. § 851, notifying Defendant and the Court that it intended to seek an enhanced penalty under 21 U.S.C. § 841(b)(1)(A) because Defendant had previously been convicted of two felony drug offenses. (Doc. No. 285, ¶ 6). Defendant proceeded to trial, and on November 18, 1998, a jury found him guilty of the drug-trafficking conspiracy offense. (Doc. No. 143; Doc. No. 285, ¶ 4).

The probation office calculated a base offense level of 38 based on Defendant's responsibility for more than 1.5 kilograms of crack cocaine. (Doc. No. 285, ¶ 20). The probation

1

office also found that Defendant was a career offender and that the career-offender guideline provided for an offense level of 37, which is below the level 38 resulting from application of the drug-offense guidelines. (Doc. No. 285, ¶ 28). Based on a total offense level of 38 and a criminal history of VI, Defendant faced a Sentencing Guidelines range of between 360 months and life in prison. (Doc. No. 285, ¶ 87). Because Defendant had previously been convicted of felony drug offenses, however, he faced a statutory mandatory-minimum term under 21 U.S.C. § 841(b)(1)(A) of life in prison for the drug-trafficking conspiracy offense. (Doc. No. 285, ¶ 86-87). The Court, in accordance with the statutory mandatory-minimums, sentenced Defendant to life in prison with 10 years of supervised release. (Doc. No. 187).

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "50 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-135. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010

2

(Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

Defendant's date of conviction was pre-*Apprendi*.[1] If Defendant was sentenced as if Section 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed, the resulting statutory penalty is not more than 30 years imprisonment and at least 6 years of supervised release pursuant to 21 U.S.C. §§ 841(b)(1)(C) and 851. Therefore, Defendant's total offense level is 34 and criminal history category is VI, due to Defendant's status as a career offender. The resulting guideline range is 262 to 327 months and six years of supervised release.

The Court notes Defendant's sentence has not been previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the Defendant pursuant to Section 404 of the First Step Act of 2018.

The Court further notes that the Supplemental PSR reported that, as of November 15, 2019, Defendant had completed close to 50 educational programs and work assignments while incurring only a few disciplinary infractions. *See* Supp. PSR (Doc. No. 327), at 3. Additionally, Defendant has good references from federal prison staff members and has family members ready to support him upon his reentry into society.

---

[1] In *Apprendi v. New Jersey*, 530 U.S. 466,490 (2000), the Supreme Court held that the Sixth Amendment to the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. In *Alleyne v. United States*, 570 U.S. 99, 116 (2013), the Supreme Court applied *Apprendi* to the federal mandatory minimum and maximum sentencing scheme and held that because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an element of the crime that must be submitted to the jury. This Court joins other courts, including courts in this circuit, in finding that *Apprendi* and *Alleyne* apply to the First Step Act. *See United States v. Springs*, No. 3:05-CR-42, 2019 WL 3310092, at *3 (W.D.N.C. July 23, 2019) (listing other courts in the Fourth Circuit who have held the same).

For all these reasons, the Court concludes that Defendant is eligible for relief in the form of a reduced sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B) (allowing the court to modify a sentence "to the extent otherwise expressly permitted by statute"). The Court has considered the § 3553(a) factors, particularly the need to avoid unwarranted sentence disparities among similarly situated defendants, and Defendant's evidence of post-conviction rehabilitation, and orders that Defendant's sentence be reduced to 269 months of imprisonment and 6 years of supervised release under the standard conditions of supervised release adopted by this Court.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. No. 325) is **GRANTED.** The Defendant's sentence is hereby reduced to a term of **TWO-HUNDRED AND SIXTY-NINE (269) MONTHS** and **SIX (6) YEARS** of supervised release for Count 1. All other terms and conditions of the Defendant's Judgment (Doc. No. 187) shall remain in full force and effect.

**SO ORDERED.**

Signed: January 11, 2020

Kenneth D. Bell
United States District Judge